# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO JOAQUIN HERNANDEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　Respondent. | Case No. 1:22-cv-01115-EPG-HC<br><br>ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE<br><br>(ECF No. 2)<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2241 AND *IN FORMA PAUPERIS* FORMS |

Petitioner Jairo Joaquin Hernandez is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## DISCUSSION

### A. Motion to Proceed *In Forma Pauperis*

28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

1

1    Here, Petitioner's motion was made on a form for leave to appeal *in forma pauperis*
2 pursuant to Federal Rule of Appellate Procedure 24(a)(1). (ECF No. 2.) That is not the correct
3 form as Petitioner is not pursuing an appeal. Moreover, Petitioner has not submitted a financial
4 affidavit that demonstrates he is unable to pay the $5.00 filing fee to commence this action or a
5 certified copy of the trust account statement for the six-month period immediately preceding the
6 filing of the petition. Accordingly, the Court will deny Petitioner's motion to proceed *in forma*
7 *pauperis* without prejudice and provide Petitioner the opportunity to renew his motion and
8 submit a financial affidavit and trust account statement.

9    **B.  Leave to Amend Petition**

10    The Rules Governing Section 2254 Cases[1] ("Habeas Rules") require preliminary review
11 of a habeas petition and allow a district court to dismiss a petition before the respondent is
12 ordered to file a response, if it "plainly appears from the petition and any attached exhibits that
13 the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254
14 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

15    Habeas Rule 2(c) states that a petition must "(1) specify all the grounds for relief
16 available to the petitioner; [and] (2) state the facts supporting each ground." Petitioner must state
17 his claims with sufficient specificity. See McFarland v. Scott, 512 U.S. 849, 856 (1994);
18 Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th Cir. 1990). "A prime purpose of Rule 2(c)'s
19 demand that habeas petitioners plead with particularity is to assist the district court in
20 determining whether the State should be ordered to 'show cause why the writ should not be
21 granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

22    In his sole claim for relief, Petitioner asserts that he is actually innocent of 18 U.S.C.
23 § 924(c)(1)(A)(iii) and (c)(3)(B). In support of this claim, Petitioner states: "Petitioner plead[ed]
24 guilty to count 6 +7 18 U.S.C. § 924(c)(1)(A)(iii) and 924(j) and received a consecutive 10 years
25 under residual clause of 924(c)(3)(B)." (ECF No. 1 at 3.)[2] To support his claim, Petitioner cites
26 to United States v. Davis, 139 S. Ct. 2319 (2019). (ECF No. 1 at 4.) Davis held that 18 U.S.C.

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.
[2] Page numbers refer to ECF page numbers stamped at the top of the page.

§ of 924(c)(3)(B) is unconstitutionally vague. Davis, 139 S. Ct. at 2336. However, Petitioner has not provided the Court with sufficient facts—*e.g.*, the factual basis and the "crime of violence" that supported his guilty plea to violations of 18 U.S.C. § 924(c)(1)(A)(iii) and 924(j)—to enable the Court to determine whether Davis is applicable and Respondent "should be ordered to 'show cause why the writ should not be granted.'" Mayle, 545 U.S. at 656 (quoting 28 U.S.C. § 2243). Therefore, the Court will grant Petitioner an opportunity to file an amended petition. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) ("It may be that [the petitioner's] conclusory averments cannot be factually supported, but a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is DENIED WITHOUT PREJUDICE;
2. Petitioner is GRANTED leave to file a first amended petition within **THIRTY (30) days** of the date of service of this order; and
3. The Clerk of Court is DIRECTED to send Petitioner blank § 2241 habeas forms and a blank application to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated: **September 13, 2022**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE