JABLO JOAQUIN HERNANDEZ
Name
# 19585-111
Prison Number
USP ATWATER
PO BOX 019001
ATWATER, CA 95301
Address or Place of Confinement

FILED

OCT 11 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK

Note: If represented by an attorney, write attorney's name, address & telephone number

# United States District Court
### EASTERN DISTRICT OF CALIFORNIA

JABLO JOAQUIN HERNANDEZ
Full Name (First, Middle, Last)

Petitioner,

vs.

RECEIVED

OCT 11 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
                  DEPUTY CLERK

B. M. TRATE,
Name of Warden
(or other authorized person having custody of petitioner)

Respondent.

CASE NO. 1: 22-CV-01115-EPG-HC
(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. _____  a conviction
2. ___✓___  a sentence
3. _____  jail or prison conditions
4. _____  prison discipline
5. _____  a parole problem
6. _____  other

**CAUTION:** If you are attacking a federal conviction,
sentence or judgment, you must
first file a direct appeal or motion under
28 U.S.C. § 2255 in the federal court which
entered judgment.

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY
Page 1 of 5

**PETITION**

(1)    Place of detention: _USP ATWATER, P.O. BOX 019001, ATWATER, CA 95301_

(2)    Name and location of court which imposed sentence: _U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA_

(3)    Offense(s) and indictment number(s) (if known) for the sentence imposed: _COUNT 1: 18 USC 1962(d); COUNT 2: 18 USC 1959 (a)(5), COUNT 3: 18 USC (8 USC 1959 (a)(6); COUNT 6: 18 USC 924 (c), COUNT 7: 18 USC 924 (j)_

(4)    The date the sentence was imposed and the terms of the sentence: _DECEMBER 19, 2017: 324 MONTHS' IMPRISONMENT_

(5)    What was your plea (check one):        Not guilty ( )        Guilty (✓)    Nolo contendere ( )

(6)    Kind of trial (check one):        Jury ( )        Judge only ( )

(7)    Did you appeal from the judgment of conviction or the imposition of sentence:    Yes ( )        No (✓)

(8)    If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court: _____ _N/A_ _____
Grounds raised (list each):
        1) _____
        2) _____

Result/Date of result: _____

SECOND APPEAL:
Name of court: _____ _N/A_ _____
Grounds raised (list each):
        1) _____
        2) _____

Result/Date of result: _____

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9)    State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner.  Summarize *briefly* the *facts* supporting each ground

**CAUTION:**    If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

---

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

→    **GROUND ONE** _WHETHE PETITIONER IS PROCEDURALLY BARRED_

FROM MAKING DAVIS CLAIM OF ACTUAL INNOCENCE OF SENTENCE.

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

**CAUTION:**    You must state *facts*, *not conclusions*, in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

PETITIONER WAS CONVICTED IN 2016. NO APPEAL WAS FILED.
PETITIONER FILED FIRST 2255 IN 2019. AT TIME OF FILING
DIRECT APPEAL + FIRST 2255, UNITED STATES v. DAVIS (2019),
WAS NOT DECIDED. DAVIS WAS DECIDED IN 2019.

→   **GROUND TWO** WHETHER PETITIONER IS ACTUALLY INNOCENCE
OF SENTENCE UNDER 18 USC 924 (C)(3)(B)'s RESIDUAL CLAUSE)

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

PETITIONER PLEAD GUILTY IN 2016 TO COUNT 6, 18 USC 924(C)
AND COUNT 7, 18 USC 924(J). IN 2019, THE SUPREME COURT
DECLARED THE RESIDUAL CLAUSE UNCONSTITUTIONALLY VAGUE. PETITIONER
DID NOT HAVE AN UNOBSTRUCTED PROCEDURAL SHOT TO PRESENT
THAT CLAIM.

## ADMINISTRATIVE APPEALS

(10)   Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes ( )    No (✓)    If your answer is no, explain why not: MOVING UNDER THE
ESCAPE HATCH OF 28 USC 2255.

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL          Level of appeal: N/A
Grounds raised (list each):
    1)
    2)
Result/Date of result:

SECOND ADMINISTRATIVE APPEAL          Level of appeal: N/A
Grounds raised (list each):
    1)
    2)
Result/Date of result

---

THIRD ADMINISTRATIVE APPEAL          Level of appeal: N/A
Grounds raised (list each):

1) _____
2) _____
Result/Date of result:_____

FOURTH ADMINISTRATIVE APPEAL     Level of appeal:_____ *MA* _____
Grounds raised (list each):
1) _____
2) _____
Result/Date of result:_____

(11)    Is the grievance process completed?     Yes ( )        No ( )

## PREVIOUS PETITIONS

(12)    Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes (✓)        No ( )

(13)    If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court: U.S. DISTRICT COURT, N.D. CALIFORNIA
Nature of proceeding: 28 USC 2255
Grounds raised (list each):
1)    INEFFECTIVE ASSISTANCE OF COUNSEL; FAILING TO PROVIDE DISCOVERY;
2)    IOC → PLEA UNINTELLIGENT; NO SENTENCING MEMORANDUM
Result/Date of result:_____

SECOND PREVIOUS PETITION
Name of court: LEAVE TO FILE SECOND OR SUCCESSIVE 2255
Nature of proceeding: U.S COURT OF APPEALS, NINTH CIRCUIT
Grounds raised (list each):
1)    WHETHER CLAIMS 6+7 SHOULD BE VACATED IN LIGHT OF DAVIS
2)    _____
Result/Date of result: LEAVE GRANTED, DISTRICT COURT DENIED RELIEF ON PROCEDURE

(14)    If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255. AT TIME OF DIRECT APPEAL + CONVICTION IN 2016, AND FIRST 2255 IN 2018, UNITED STATES v. DAVIS, 139 S.Ct. 2319 (2019), WAS NOT YET DECIDED, THUS, CLAIM OF ACTUAL INNOCENCE COULD NOT HAVE BEEN MADE.
_____
_____

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

(15)    Are you presently represented by counsel?

Yes ( )        No (✓)

If so, provide your attorney's name, address, and telephone number: N/A

_____

(16)  If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes (✓)        No ( )

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

---

\* HOLD IN ABEYANCE PENDING JONES v. HENDRIX, NO. 21-857, CERTIORARI GRANTED (S. CT. 2022) \*

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

SEPTEMBER 27, 2022
(Date)

/s/ [signature]
(Signature of Petitioner)

N/A
(Signature of Attorney, if any)

TRULINCS 37002066 - JOHNSON, ANTHONY - Unit: ATW-C-A

--------------------------------------------------------------------------------

FROM: 37002066
TO:
SUBJECT: PAGE 1: LEAVE TO AMEND 2241: HERNANDEZ
DATE: 09/27/2022 08:38:38 PM

PAGE 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

JAIRO JOAQUIN HERNANDEZ,                    CASE NO.: 1:22-CV-01115-EPG-HC
                 Petitioner,

        v.,

B. M. TRATE, WARDEN, USP ATWATER,           LEAVE TO AMEND 28 U.S.C. 2241
                 Respondent.                HOLD IN ABEYANCE PENDING JONES v. HENDRIX, NO. 21-857 (S.Ct.)

--------------------------------------------------------------------------------

MEMORANDUM OF LAW IN SUPPORT OF
MOTION ON ORDER FOR LEAVE TO AMEND 28 U.S.C. 2241

COMES NOW JAIRO JOAQUIN HERNANDEZ PETITIONER PRO SE, and hereby files the instant Memorandum of Law in Support of an Amended Petition for Writ of Habeas Corpus, Pursuant to 28 U.S.C. 2241, on ORDER GRANTING LEAVE TO AMEND an original petition alleging a claim of actual innocence of a sentence, and respectfully submits the following:

I. LIMITED PROCEDURAL BACKGROUND

On July 22, 2016, Petitioner pleaded guilty via Rule 11(c)(1)(C), to Count One, RICO Conspiracy, 18 U.S.C. 1962(d); Count Two, Conspiracy to Commit Murder in Aid of Racketeering, 18 U.S.C. 1959(a)(5); Count Three, Conspiracy to Commit Assault with Dangerous Weapon in Aid of Racketeering, 18 U.S.C. 1959(a)(6); Count Six, Use of a Firearm in Relation to a Crime of Violence, 18 U.S.C. 924(c); and Count Seven, Use of Firearm Causing Murder, 18 U.S.C. 924(j)(1) and (2).

On December 19, 2017, the Court sentenced Petitioner to 324 months' imprisonment (27 years), ten of which derived from the firearms counts in Counts Six and Seven.

Per the terms of the Rule 11(c)(1)(C) Plea Agreement, no appeal was filed.

On December 17, 2018, Petitioner filed a first 28 U.S.C. 2255 motion, alleging, inter alia, ineffective assistance of counsel for trial counsel's failure to provide discovery; the plea was unintelligent, and evidence in mitigation of sentencing was not introduced in a Sentencing Memorandum.

On June 3, 2019, the district court denied the 2255 motion on the merits and a COA was denied.

TRULINCS 37002066 - JOHNSON, ANTHONY - Unit: ATW-C-A

---------------------------------------------------------------------------------------------------

FROM: 37002066
TO:
SUBJECT: PAGE 2: LEAVE TO AMEND 2241: HERNANDEZ
DATE: 09/27/2022 08:39:37 PM

PAGE 2

On September 3, 2019, Petitioner sought leave to file a second or successive 28 U.S.C. 2255 motion, in light of

the Supreme Court decision in United States v. Davis, 139 S.Ct. 2319 (2019), which declared the residual clause at

18 U.S.C. 924 (c)(3)(B) unconstitutionally vague, seeking vacatur of the 924(c) and (j) convictions and sentences which

relate back to the underlying racketeering conspiracy convictions. (See, Plea Agreement)  On April 27, 2020, the U.S.

Court of Appeals for the Ninth Circuit GRANTED leave.

Subsequently, on October 26, 2020, the United States District Court for the Northern District of California,

Edward M. Chen, J., denied the 28 U.S.C. 2255 motion holding that Petitioner was procedurally barred from raising his

Davis claim on direct appeal, but GRANTED Certificate of Appealability on the issue of whether a Petitioner can be

procedurally defaulted by failing to raise a claim on direct appeal.

On January 6, 2022, the U.S. Court of Appeals for the Ninth Circuit AFFIRMED the judgment of the district court

holding that Petitioner did not challenge the district court's conclusion that he failed to demonstrate the necessary cause

and prejudice or actual innocence to excuse his procedural default.

On or about September 2022, Petitioner filed a Writ of Habeas Corpus pursuant to 28 U.S.C. 2241, alleging a claim

of actual innocence of his 18 U.S.C. 924(c) and (j) convictions and sentences.  The U.S. Magistrate Judge GRANTED

leave to file a first amended petition within THIRTY (30) DAYS of September 13, 2022.

## II. ISSUE(S)

The issue(s) presented in the instant first-amended 2241 petition are: 1) Whether Petitioner can be procedurally

defaulted on Davis claim, if at the time of Petitioner's direct appeal and first 2255, United States v. Davis was not yet

decided?; and 2) Whether Petitioner is actually innocent of convictions and sentences for the 18 U.S.C. 924(c) and (j)

Counts, in light of Davis?

## III. RULE OF LAW AND PROCEDURE

Petitioner was convicted on July 22, 2016, of the offenses that are the foundational basis for his claim of

actual innocence of Counts Six and Seven, the 18 U.S.C. 924(c) and (j) counts.  In the second or successive 28 U.S.C.

2255 motion in the United States District Court for the Northern District of California, the Government had contended

TRULINCS 37002066 - JOHNSON, ANTHONY - Unit: ATW-C-A

----------------------------------------------------------------------------------------------------

FROM: 37002066
TO:
SUBJECT: PAGE 3: LEAVE TO AMEND 2241: HERNANDEZ
DATE: 09/27/2022 08:41:52 PM

PAGE 3

that Petitioner should be procedurally barred from filing a Davis claim because Petitioner could have raised the claim

on direct appeal under Johnson v. United States, 135 S.Ct. 2551 (2015).

However, the Government failed to consider, or was unaware of, Ninth Circuit precedent in United States v.

Blackstone, 903 F.3d 1020 (9th Cir. 2018), which the district court would have been bound, which explicitly held that the

Supreme Court in Johnson did not announce the rule "that 18 U.S.C. 924(c)'s residual is void for vagueness in violation

of the Fifth Amendment." See, Blackstone, 903 F.3d at 1028. Thus, Petitioner could not have raised a hybrid Johnson-

anticipatory-Davis claim on direct appeal because Johnson's decision did not reach the void for vagueness declaration

announced in Davis.

IV. APPLICABILITY AND PROCEDURE FOR 28 U.S.C. 2241

Petitioner submits this circuit has declared that a motion meets the escape criteria of 28 U.S.C. 2255 "when a

petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting

that claim." See, Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner satisfies the requirement of not having had an "unobstructed procedural shot" at presenting his claim

under Davis. He was convicted in 2016 of violating 18 U.S.C. 924(c) and (j). Petitioner did not file a direct appeal, and

would not have been able to present a Davis claim because Davis was not yet decided. Petitioner filed his first 2255

in 2018. Davis was not yet decided.

Petitioner filed leave to file a second or successive 2255 in September 2019, after Davis was decided. The Ninth

Circuit granted leave. Thus, Petitioner had the opportunity to "test" his Davis claim. However, the Government sought

to obstruct Petitioner's opportunity by arguing he was procedurally barred. The district court agreed and denied relief.

However, in denying Davis relief, the district court granted a COA holding that "the Ninth Circuit has not ruled

squarely on the issue addressed herein." But in hindsight, the Ninth Circuit did address the issue. The issue was

addressed and remedied in Blackstone, supra, where the Ninth Circuit announced the rule in Johnson was not a Davis

declaration of void for vagueness of the residual clause. Thus, Petitioner should not have been procedurally barred.

The Ninth Circuit has also allowed a petitioner to invoke the saving clause in a case like Petitioner's. See,

Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008).

TRULINCS 37002066 - JOHNSON, ANTHONY - Unit: ATW-C-A

---------------------------------------------------------------------------------

FROM: 37002066
TO:
SUBJECT: PAGE 4: LEAVE TO AMEND 2241: HERNANDEZ
DATE: 09/27/2022 08:42:35 PM

PAGE 4

## V. CONCLUSION

Jones v. Hendrix, No. 21-857 (Certiorari granted, S.Ct. 2022)

The issue of whether Petitioner should be procedurally barred from making a claim of actual innocence under the

escape hatch of 2255 is currently pending before the Supreme Court in Jones v. Hendrix, Case No. 21-857, certiorari

granted, (S.Ct. 2022).  Thus, Petitioner would pray and move this Honorable Court to hold any decision as to whether

to grant or deny relief on any procedural question, in abeyance until the Supreme Court renders guidance on this issue.

Done this 27th day of September, 2022.

Respectfully Submitted,

Jairo Joaquin Hernandez - Petitioner Pro Se
Reg. No. 19585-111
USP Atwater
P.O. Box 019001
Atwater, CA  95301

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAIRO HERNANDEZ,

Defendant.

Case No.  14-cr-00120-EMC-6

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

Docket No. 1257

Previously, the Court denied Defendant Jairo Hernandez's § 2255 motion.  *See* Docket No. 1217 (order).  The Court held that Mr. Hernandez had procedurally defaulted on the claim that his sentences for Counts 6 and 7 of the superseding indictment should be vacated based on *United States v. Davis*, 139 S. Ct. 2319 (2009) (holding that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague).  Subsequently, Mr. Hernandez filed a motion asking for a certificate of appealability ("COA").  The Court construed the filing as a motion for reconsideration because, in the brief, Mr. Hernandez raised a new argument against procedural default.  The Court also ordered briefing on the issue.  Having considered the parties' submissions, the Court hereby **DENIES** the motion for reconsideration and further **~~DENIES~~** the request for a COA.  Grant

## I.      **DISCUSSION**

In his motion, Mr. Hernandez argues that (1) a claim that a statute is unconstitutional (as here) is a jurisdictional claim, and (2) jurisdictional claims cannot be procedurally defaulted because a "defendant cannot be convicted of [a] crime . . . if the conviction exceeded the court's jurisdiction."  Mot. at 3.  The Court is not persuaded.

United States District Court
Northern District of California

1    First, the majority of cases on which Mr. Hernandez relies are decisions in which a court

2    held that a criminal defendant does not waive a constitutional claim simply by entering into a plea

3    agreement. *See, e.g.*, *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989) (stating that

4    "[c]laims that 'the applicable statute is unconstitutional or that the indictment fails to state an

5    offense' are jurisdictional claims not waived by the guilty plea"), *amended at* 907 F.2d 115 (9th

6    Cir. 1990); *see also Class v. United States*, 138 S. Ct. 798, 805 (2019) (stating that "[a] guilty plea

7    does not bar a direct appeal" when the challenge is to "the Government's power to criminalize

8    Class' (admitted conduct)"; the claims "call into question the Government's power to

9    "constitutionally prosecute him") (internal quotation marks omitted); *United States v. Haensgren*,

10   775 Fed. Appx. 284, 285 (9th Cir. 2019) (stating that "[a] claim that the statute of conviction is

11   facially unconstitutional is a 'jurisdictional claim[] not waived by the guilty plea'").  That is not

12   the situation before the Court.  Rather, here, the Court is confronted with the issue of whether Mr.

13   Hernandez should be barred from raising his constitutional claim because he did not raise it on

14   direct appeal (even though he could have).  The requirement for exhaustion is separate and distinct

15   from the question of waiver by plea.  None of the cited cases involve excusal from the exhaustion

16   requirement under § 2255.

17   Second, the term "jurisdiction" can have different meanings in different contexts, and, in

18   *United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003), the Ninth Circuit indicated that a

19   jurisdictional claim that would not be barred by a procedural default is one where a court's subject

20   matter jurisdiction is being challenged – *i.e.*, a court's constitutional or statutory power to

21   adjudicate a case.[1]  *See id.* at 963.  *See, e.g.*, *Harris v. United States*, 149 F.3d 1304, 1307-08 (11th

22   Cir. 1998) (noting that "jurisdictional defects . . . *cannot* be procedurally defaulted; finding such a

23   defect where district court imposed enhanced conviction based on a prior conviction but

24   government failed to file information concerning defendant's prior conviction before acceptance

25   of plea) (emphasis in original). But where the challenge – even if relates to the federal

26   jurisdictional element of the crime (*e.g.*, alleging the bank is FDIC insured in a bank robbery case)

27

28   [1] In *Ratigan*, the Ninth Circuit rejected the defendant's argument that insufficient evidence to sustain his convictions constituted a jurisdictional defect that could not be procedurally defaulted.

2

1  — goes to the merits of the charge(s), that is not a fundamental jurisdictional matter that can be

2  raised without regard to procedural rules. *See Rattigan*, 351 F.3d at 962-63 (noting that, in *United*

3  *States v. Cotton*, 535 U.S. 625 (2002), the Supreme Court held that "defects in an indictment do

4  not deprive a federal court of its power to adjudicate a case"; an "objection that the indictment

5  does not charge a crime against the United States goes only to the merits of the case") (internal

6  quotation marks omitted).[2] Here, Mr. Hernandez does not challenge the power of this Court to

7  adjudicate the case.

8        Under Mr. Hernandez's argument, a challenge to the constitutionality of a statute of which

9  a defendant is convicted could always be raised in a § 2255 motion even if there was no

10 exhaustion. The Ninth Circuit has never so held. Indeed, in *United States v. Swisher*, 811 F.3d

11 299 (9th Cir. 2016) (en banc), the Court assumed that a failure to raise a constitutional challenge

12 to a statute could be barred by failure to raise on direct appeal. *See id.* at 307 (stating that

13 defendant's "failure to raise his constitutional claim at trial or on direct appeal" did not preclude

14 the Ninth Circuit from reviewing his claim because, "[a]lthough federal prisoners are generally

15 barred from raising claims on collateral review that they could have raised on direct appeal," the

16 government waived the procedural default defense). Other circuit courts have similarly held or at

17 least suggested that a constitutional challenge to a statute can still be procedurally defaulted. *See,*

18 *e.g., Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) (holding that defendant

19 procedurally defaulted on a claim that a statute was unconstitutionally vague); *Reed v. United*

20 *States*, 985 F.2d 880, 881 (7th Cir. 1993) (acknowledging defendant's argument that "the statute

21 under which the defendant was sentenced was unconstitutionally vague" but not addressing the

22 issue because defendant did not demonstrate cause and prejudice for his procedural default); *see*

23 *also United States v. Baucum*, 80 F.3d 539, 543-44 (D.C. Cir. 1996) (citing Supreme Court cases

24

25 _____
   [2] In light of *Cotton*, the Ninth Circuit's decision in *United States v. Mitchell*, 867 F.2d 1232 (9th
   Cir. 1989), should not be enough to support Mr. Hernandez's position. *See id.* at 1233 n.2 (in a
26 case where defendant filed a § 2255 motion after a Supreme Court case put into question whether
   the indictment adequately alleged a mail fraud claim, stating that defendant's "failure before trial
27 and on direct appeal to challenge the indictment on the ground now asserted does not bar collateral
   attack" because, if defendant's "'claim were correct, the indictment would fail to state an offense
28 against the United States and the district court would be deprived of jurisdiction [and] [b]ecause
   the defect complained of is jurisdictional, [defendant's] claims is reviewable'").

United States District Court
Northern District of California

"suggest[ing] that a collateral attack to the facial constitutionality of a statute *can* be waived if the defendant cannot show good cause for having failed to raise it earlier"; also noting that it would be imprudent "to treat all facial constitutional challenges as jurisdictional, [as] we would place a burden on trial courts to make threshold constitutional determinations without the benefit of briefing and argument, and invite 'wait and see' tactics throughout the entire duration of the criminal proceedings") (emphasis in original).

## II.   CONCLUSION

Accordingly, for the foregoing reasons, the Court denies Mr. Hernandez's motion for reconsideration. However, the Court shall issue a COA. The Ninth Circuit has not ruled squarely on the issue addressed herein. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least,

////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////

United States District Court
Northern District of California

1  that jurists of reason would find it debatable whether the petition states a valid claim of the denial

2  of a constitutional right and that jurists of reason would find it debatable whether the district court

3  was correct in its procedural ruling").[3]

4

5      **IT IS SO ORDERED.**

6

7  Dated: October 26, 2020

8

9

10                          EDWARD M. CHEN
                            United States District Judge

11

12

13  [3] As indicated by the above, jurists of reason could find it debatable whether the Court's

14  procedural ruling here is correct. Jurists of reason could also find the merits of Mr. Hernandez's §
    2255 motion debatable. *SEE, U.S. v. CORMETTE; CASE NO. 18-6041 (4TH CIR. JUL 30, 2019)*

15      Regarding the merits, there is no dispute that the "crime of violence" identified in Counts 6

16  and 7 of the superseding indictment was murder in aid of racketeering (as specified in Count 5).
    In his § 2255 motion, Mr. Hernandez argues that, with respect to Count 5, the superseding

17  indictment stated that the murder was "in violation of the laws of [California]" (instead of federal
    law), 18 U.S.C. § 1959(a), and, under California law, murder is not always a crime of violence –

18  which thereby nullifies Counts 6 and 7. *See, e.g.,* in *United States v. Simmons,* No. 2:16cr130,
    2018 U.S. Dist. LEXIS 196181, at *15 (E.D. Va. Nov. 16, 2018) (agreeing with defendants that,

19  "because the jury in this case was instructed to base its verdict as to the fourth element of Count
    29 on the Virginia state-court offenses read to the jury, not the elements of 'generic' assault with a

20  deadly weapon," the court should look to state law). This argument is not without some force.

21      For example, in *United States v. Begay,* 932 F.3d 1033 (9th Cir. 2019), the Ninth Circuit

22  held that a "'crime of violence' [for purposes of § 924(c)(3)] requires intentional conduct," not just
    reckless conduct, *id.* at 1039 (indicating that "reckless conduct 'is not purposeful'"), but, under

23  California law, murder can be committed through reckless conduct, not just intentional conduct.
    *See, e.g.,* Cal. Pen. Code § 189 (providing that malice may be express or implied – with implied

24  malice being, *e.g.,* "when the circumstances attending the killing show an abandoned and
    malignant heart"); *People v. Scott,* 14 Cal. 4th 544, 554 (1996) (Mosk, J., concurring) (stating that

25  "[m]alice aforethought may be express – consisting of the unlawful intent to kill – or implied –
    comprising any other mental state that may tolerably be identified as recklesslessness").

26      Also, a crime of violence has as an element the use, attempted use, or threatened use of

27  physical force. The Supreme Court has explained that physical force means "violent force – that
    is, force capable of causing physical pain or injury to another person." *Johnson v. United States,*

28  559 U.S. 133, 140 (2010) (emphasis omitted; addressing the meaning of physical force as used in
    18 U.S.C. § 924(e)(2)(B)). But California law provides that murder is the "unlawful killing of a
    human being, *or a fetus.*" Cal. Pen. Code § 187 (emphasis added).

United States District Court
Northern District of California

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-17328 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00120-EMC-6 |
| v. | |
| JAIRO HERNANDEZ, AKA Joker, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted December 8, 2021
San Francisco, California

Before:  GRABER and COLLINS, Circuit Judges, and CHOE-GROVES,** Judge.

Jairo Hernandez appeals from the district court's judgment denying his 28

U.S.C. § 2255 habeas motion.  We have jurisdiction under 28 U.S.C. § 1291.

Reviewing de novo, *see United States v. Zuno-Arce*, 339 F.3d 886, 888 (9th Cir.

2003), we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

The district court permissibly concluded that Hernandez procedurally

defaulted the challenge to his sentence under 18 U.S.C. § 924(c) by failing to raise

that challenge on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621

(1998). Contrary to Hernandez's contention, his claim that his sentence is invalid

in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), goes to the merits of his

conviction and sentence rather than to the court's subject matter jurisdiction. *See*

*United States v. Cotton*, 535 U.S. 625, 630–31 (2002) ("[T]he objection that the

indictment does not charge a crime against the United States goes only to the

merits of the case." (citation omitted)); *cf. United States v. Goodall*, 15 F.4th 987,

994–97 (9th Cir. 2021) (holding that the appeal waiver contained in defendant's

plea agreement barred his claim that his § 924(c) sentence was invalid in light of

*Davis*). Accordingly, the claim is subject to the usual procedural default rule. *See*

*United States v. Ratigan*, 351 F.3d 957, 962–63 (9th Cir. 2003). Hernandez does

not challenge the district court's conclusion that he failed to demonstrate the

necessary cause and prejudice or actual innocence to excuse his procedural default.

*See Bousley*, 523 U.S. at 622.

**AFFIRMED.**

2

20-17328

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

JAIRO JOAQUIN HERNANDEZ
_____
Plaintiff/Petitioner

v.

Case Number: 1:22-CV-01115-EPG-HC

B.M. TRATE,
_____
Defendant/Respondent(s)

## PROOF OF SERVICE

_____

I hereby certify that on ___SEPTEMBER 29, 2022___, I served a copy

of the attached ___AMENDED 28 USC 2241 PETITION WITH MEMORANDUM OF LAW___

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

___USP ATWATER, PO-BOX 019001, ATWATER, CA 95301___

*(List Name and Address of each Defendant or Attorney Served)*

CLERK OF THE COURT
EASTERN DISTRICT OF CALIFORNIA
2500 TULARE STREET, ROOM 1501
FRESNO, CA 93721-2201

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature of Person Completing Service)