# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO JOAQUIN HERNANDEZ,<br><br>    Petitioner,<br><br>   v.<br><br>B.M. TRATE,<br><br>    Respondent. | Case No. 1:22-cv-01115-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 7 at 2.)[1] Petitioner pleaded guilty in the United States District Court for the Northern District of California to racketeering conspiracy (Count One), conspiracy to commit murder in aid of racketeering activity (Count Two), conspiracy to commit assault with a dangerous weapon in aid of racketeering activity (Count Three), use of a firearm in relation to a crime of violence (Count Six), and use of a firearm causing murder (Count Seven). On December 19, 2017, Petitioner was sentenced to an imprisonment term of 324 months. (ECF No. 7 at 2, 6.)

Pursuant to the terms of his plea agreement, Petitioner did not file a direct appeal. On December 17, 2018, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

28 U.S.C. § 2255. On June 3, 2019, the district court denied the motion on the merits. (ECF No. 7 at 6.) On September 3, 2019, Petitioner sought authorization to file a second or successive § 2255 motion in light of United States v. Davis, 139 S. Ct. 2319 (2019). On April 27, 2020, the Ninth Circuit granted authorization to file a successive § 2255 motion. (ECF No. 7 at 7.)

The United States District Court for the Northern District of California denied Petitioner's authorized successive § 2255 motion, finding that Petitioner had procedurally defaulted on the claim that his sentences for Counts Six and Seven should be vacated based on Davis. (ECF No. 7 at 10.) On October 26, 2020, the district court denied Petitioner's motion for reconsideration, but issued a certificate of appealability. (Id. at 13–14.) On January 6, 2022, the Ninth Circuit affirmed, finding that "[t]he district court permissibly concluded that Hernandez procedurally defaulted the challenge to his sentence under 18 U.S.C. § 924(c) by failing to raise that challenge on direct appeal," and noting that Petitioner "does not challenge the district court's conclusion that he failed to demonstrate the necessary cause and prejudice or actual innocence to excuse his procedural default." (Id. at 15, 16.)

On September 1, 2022, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, asserting that he is actually innocent of 18 U.S.C. § 924(c)(1)(A)(iii) and (c)(3)(B) in light of Davis. (ECF No. 1.) On September 13, 2022, the Court granted Petitioner leave to file an amended petition because Petitioner had not provided the Court with sufficient facts to enable the Court to determine whether Davis is applicable and Respondent should be ordered to show cause why the writ should not be granted. (ECF No. 3.) On October 11, 2022, Petitioner filed the first amended petition ("FAP"), asserting that he is actually innocent of Counts Six and Seven based on Davis. (ECF No. 7.)

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

2

to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Northern District of California as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at

presenting that claim." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Ivy</u>, 328 F.3d at 1060). The Court will begin its analysis with the second factor.

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. <u>See</u> <u>Ivy</u>, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." <u>Harrison</u>, 519 F.3d at 960 (quoting <u>Ivy</u>, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." <u>Alaimalo</u>, 645 F.3d at 1047 (quoting <u>Harrison</u>, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in the law creating a previously unavailable legal basis for petitioner's claim." <u>Harrison</u>, 519 F.3d at 961.

Here, the Ninth Circuit authorized Petitioner to file a successive § 2255 motion based on <u>Davis</u>. (ECF No. 7 at 7.) In his authorized successive § 2255 motion, Petitioner asserted that his sentences for Counts Six and Seven should be vacated based on <u>Davis</u>. (<u>Id.</u> at 10.) In the FAP, Petitioner asserts that he is actually innocent of his sentences for Counts Six and Seven based on <u>Davis</u>. (<u>Id.</u> at 3.) The record is clear that Petitioner had the opportunity to raise his <u>Davis</u> claims in his authorized successive § 2255 motion. Therefore, the Court finds that Petitioner has not established that he "never had an 'unobstructed procedural shot' at presenting this claim." <u>Ivy</u>, 328 F.3d at 1060. <u>See id.</u> ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

"[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . . requirements." <u>Muth v. Fondren</u>, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner has failed to establish that he never had an unobstructed procedural shot at presenting his actual innocence

claim, Petitioner cannot proceed under the escape hatch.³ Accordingly, this Court lacks jurisdiction over the petition, and the petition should be dismissed.

### III.
### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 17, 2022**

UNITED STATES MAGISTRATE JUDGE

---

³ In light of this conclusion, the undersigned declines to address whether Petitioner has presented a cognizable claim of actual innocence for purposes of qualifying for the escape hatch.

5