# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO JOAQUIN HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE,<br><br>    Respondent. | Case No. 1:22-cv-01115-AWI-SAB-HC<br><br>ORDER DENYING PETITIONER'S REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 14)<br><br>ORDER DIRECTING PETITIONER TO FILE SECOND AMENDED PETITION WITHIN 30 DAYS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 7 at 2.)[1] Petitioner pleaded guilty in the United States District Court for the Northern District of California to racketeering conspiracy (Count One), conspiracy to commit murder in aid of racketeering activity (Count Two), conspiracy to commit assault with a dangerous weapon in aid of racketeering activity (Count Three), use of a firearm in relation to a crime of violence (Count Six), and use of a firearm causing murder (Count Seven). On December 19, 2017, Petitioner was sentenced to an imprisonment term of 324 months. (ECF No. 7 at 2, 6.)

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

1     Pursuant to the terms of his plea agreement, Petitioner did not file a direct appeal. On December 17, 2018, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On June 3, 2019, the district court denied the motion on the merits. (ECF No. 7 at 6.) On September 3, 2019, Petitioner sought authorization to file a second or successive § 2255 motion in light of United States v. Davis, 139 S. Ct. 2319 (2019). On April 27, 2020, the Ninth Circuit granted authorization to file a successive § 2255 motion. (ECF No. 7 at 7.)

     The United States District Court for the Northern District of California denied Petitioner's authorized successive § 2255 motion, finding that Petitioner had procedurally defaulted on the claim that his sentences for Counts Six and Seven should be vacated based on Davis. (ECF No. 7 at 10.) On October 26, 2020, the district court denied Petitioner's motion for reconsideration, but issued a certificate of appealability. (Id. at 13–14.) On January 6, 2022, the Ninth Circuit affirmed, finding that "[t]he district court permissibly concluded that Hernandez procedurally defaulted the challenge to his sentence under 18 U.S.C. § 924(c) by failing to raise that challenge on direct appeal," and noting that Petitioner "does not challenge the district court's conclusion that he failed to demonstrate the necessary cause and prejudice or actual innocence to excuse his procedural default." (Id. at 15, 16.)

     On September 1, 2022, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, asserting that he is actually innocent of 18 U.S.C. § 924(c)(1)(A)(iii) and (c)(3)(B) in light of Davis. (ECF No. 1.) On September 13, 2022, the Court granted Petitioner leave to file an amended petition because Petitioner had not provided the Court with sufficient facts to enable the Court to determine whether Davis is applicable and Respondent should be ordered to show cause why the writ should not be granted. (ECF No. 3.) On October 11, 2022, Petitioner filed the first amended petition ("FAP"), asserting that he is actually innocent of Counts Six and Seven based on Davis. (ECF No. 7.)

     On November 18, 2022, the Court issued findings and recommendation recommending summary dismissal of the FAP because the "record is clear that Petitioner had the opportunity to raise his Davis claims in his authorized successive § 2255 motion. Therefore, the Court finds that Petitioner has not established that he 'never had an "unobstructed procedural shot" at presenting

2

1  this claim.'" (ECF No. 10 at 4 (quoting Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).)
2  On December 23, 2022, Petitioner filed objections. (ECF No. 13.) On February 3, 2023,
3  Petitioner filed a document labeled "Judicial Notice," wherein Petitioner requests that the Court
4  take judicial notice of United States v. Mejia-Quintanilla, 859 F. App'x 834 (9th Cir. 2021), and
5  requests leave to further amend the petition in light of the Supreme Court's decision in Borden v.
6  United States, 141 S. Ct. 1817 (2021). (ECF No. 14.)

## II.

## DISCUSSION

### A. Judicial Notice

Petitioner requests that the Court take judicial notice of United States v. Mejia-Quintanilla, 859 F. App'x 834 (9th Cir. 2021). (ECF No. 14.) Rule 201 of the Federal Rules of Evidence provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Although the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue," U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)), "judicial notice isn't necessary for the Court to consult relevant caselaw." Tamimi v. SGS N. Am., Inc., No. SACV 19-00965 AG (KSx), 2019 WL 3408692, at *1 (C.D. Cal. July 29, 2019). See United States v. Murillo, No. CR16-0113JLR, 2020 WL 6701004, at *2 (W.D. Wash. Nov. 13, 2020) (noting that "judicial notice of caselaw . . . is not a proper use of judicial notice"). Moreover, the Court notes that United States v. Mejia-Quintanilla, 859 F. App'x 834 (9th Cir. 2021) has been withdrawn and superseded on rehearing by United States v. Mejia-Quintanilla, No. 17-15899, 2022 WL 3278992, at *1 (9th Cir. Aug. 11, 2022), cert. denied, No. 22-6916, 2023 WL 2745017 (U.S. Apr. 3, 2023). Accordingly, Petitioner's request for judicial notice is denied.

///

///

**B. Amendment**

Petitioner also requests leave to amend the petition in light of the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021). (ECF No. 14.) "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(1) provides that within twenty-one days after service of a responsive pleading or a motion to dismiss, a "party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) allows pleading amendments with "leave of court" at any time during a proceeding. Fed. R. Civ. P. 15(a)(2). "Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive. Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions." Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1007 (9th Cir. 2015). "That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made." Id.

Based on Ramirez, a petitioner may file a first amended petition with leave of court under Rule 15(a)(2) and "may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely." 806 F.3d at 1007. Here, on September 13, 2022, the Court granted Petitioner leave to file a first amended petition pursuant to Rule 15(a)(2). (ECF No. 3.) As the Court has yet to order Respondent to file a response to the petition, Petitioner may amend his pleading once as a matter of course pursuant to Rule 15(a)(1).

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for judicial notice (ECF No. 14) is DENIED; and

///

///

2.  Within **THIRTY (30) days** of the date of service of this order, Petitioner may file a second amended petition.[2]

IT IS SO ORDERED.

Dated:   **April 7, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[2] If Petitioner does not file a second amended petition, the District Judge will review the November 18, 2022 findings and recommendation, which recommended dismissal of the first amended petition.

5