# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO JOAQUIN HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>B.M. TRATE,<br><br>Respondent. | Case No. 1:22-cv-01115-ADA-SAB-HC<br><br>ORDER GRANTING IN PART PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED PETITION<br><br>(ECF No. 17) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 7 at 2.)[1] On September 1, 2022, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, asserting that he is actually innocent of 18 U.S.C. § 924(c)(1)(A)(iii) and (c)(3)(B) in light of United States v. Davis, 139 S. Ct. 2319 (2019). (ECF No. 1.) On September 13, 2022, the Court granted Petitioner leave to file an amended petition because Petitioner had not provided the Court with sufficient facts to enable the Court to determine whether Davis is applicable and Respondent should be ordered to show cause why the writ should not be granted. (ECF No. 3.)

On October 11, 2022, Petitioner filed the first amended petition ("FAP"). (ECF No. 7.) On November 18, 2022, the Court issued findings and recommendation recommending summary

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

dismissal of the FAP because the "record is clear that Petitioner had the opportunity to raise his Davis claims in his authorized successive § 2255 motion. Therefore, the Court finds that Petitioner has not established that he 'never had an "unobstructed procedural shot" at presenting this claim.'" (ECF No. 10 at 4 (quoting Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).) On December 23, 2022, Petitioner filed objections. (ECF No. 13.)

On February 3, 2023, Petitioner requested leave to further amend the petition in light of the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021). (ECF No. 14.) As the Court previously granted Petitioner leave to file a first amended petition pursuant to Rule 15(a)(2) and had yet to order Respondent to file a response to the petition, the Court found that Petitioner may amend his pleading once as a matter of course pursuant to Rule 15(a)(1). On April 7, 2023, the Court ordered that Petitioner may filed a second amended petition within thirty days of the date of service of the order. (ECF No. 15.)

On June 12, 2023, the Court received the instant "omnibus motion," wherein Petitioner sets forth additional objections to the November 18, 2022 findings and recommendation and requests a ninety-day extension of time to file a second amended petition. Other than stating that Borden no longer provides an avenue for relief and that he intends to raise a double jeopardy claim, Petitioner does not provide any explanation as to why he needs ninety days to file a second amended petition.

Based on the foregoing, the Court HEREBY ORDERS that within **FORTY-FIVE (45) days** of the date of service of this order, Petitioner may file a second amended petition.[2]

IT IS SO ORDERED.

Dated:   **June 14, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[2] If Petitioner decides to file a second amended petition, he is advised that that a second amended petition supersedes the first amended petition. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Petitioner's second amended petition must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. If Petitioner does not file a second amended petition, the District Judge will review the November 18, 2022 findings and recommendation, which recommended dismissal of the first amended petition.