FILED
JUL 17 2023
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

Jairo Joaquin Hernandez #19585-111
United States Penitentiary - Atwater
P.O. Box 019001
Atwater, CA. 95301-019001

United States District Court
for The
Eastern District of California

Jairo J. Hernandez         Case No. 1:22-CV-01115-ADA-
(Petitioner)               SAB-HC

v.

(Respondent)
B. M. Trate.

Petitioners Second Amended Petition, With
leave of Court, Pursuant To Fed. R. Civ. P. 15(a).

RECEIVED
JUL 17 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

Counsel For Petitioner
Jairo J. Hernandez
(Pro-Se)

(1-of-11)

(Jurisdictional Statement)

The United States District Court, for the Eastern District of California, has jurisdiction pursuant to 28 U.S.C. Section 2241.

(Issues Presented)
1. Actual innocence, under Davis claim (Claim one).
2. Double jeopardy (Claim Two).
3. Double jeopardy (Claim Three).

(Exhibits, Attachments, or Others)

1. Petitioners Exhibit (A).

(2-of-11)

## Standard of Review

Federal district Courts may grant a writ of Habeas Corpus when a petitioner is "in Custody in violation of the Constitution or laws or treaties of the United States 28 U.S.C. Section 2241(c)(3).

A federal prisoner may seek a writ of habeas Corpus under 28 U.S.C. Section 2241 "to secure release from illegal Custody." (Preiser v. Rodriguez) 411 U.S. 484 (1973). (Hernandez v. Campbell) 204 F.3d 861, 864 (9th cir. 2000). Prisoner may "challenge the manner, location, or Conditions of a Sentence's execution" through habeas action.

To obtain Relief under 28 U.S.C. Section 2241, a petitioner in federal Custody must show that his Sentence is being executed in an illegal but not necessarily unconstitutional, manner. See, e.g. (Clark v. Floyd) 80 F.3d 371-374 (9th cir. 1995).

A Section 2255 remedy is inadequate or ineffective when a petitioner :
1. makes a claim of actual innocence, and
2. Has not had an unobstructed procedural shot at presenting that claim.
(Harrison v. Ollison) 519 F.3d 952, 959 (9th cir. 2008) quoting (Stephens v. Herrera) 464 F.3d 895, 898 (9th cir. 2006).

"in determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the Court Considers :
1. Whether the legal basis for petitioners claim did not arise until after he had exhausted his direct appeal and first Section 2255 motion.
2. Whether the law changed in any way relevant to petitioners claim after that first Section 2255 motion."

The burden of Coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the Section 2255 remedy rests with the petitioner.
(McGhee v. Hanberry) 604 F.2d 9, 10 (5th cir. 1979);
(Redfield v. U.S.) 315 F.2d 76, 83 (9th cir. 1963).

1. Petitioner is alledging he is in fact factually innocence under Davis, supra. Conspiracy is not a crime of Violence under Section 924(c). Harrison, 519 F.3d 952, 959.

(4-of-11)

2. Davis claim, did not arise until (after) His (direct appeal) and his (first) Section 2255 motion. id. at 959.

Respectfully, Petitioner Has met both prongs under Harrison, supra, . Therefore, this Court, has jurisdiction, to address the merits of petitioners Claim.

(Claim ONE)
Whether Petitioner is Actually Innocent of Section 924(c) in light of (U.S. v. Davis) 139 S.Ct. 2319 (2019)?

(Discussion)

1. Petitioner asserts Count Six, 18 U.S.C. Section 924(c)(1)(A), must be Vacated, respectfully, it it's attached to Counts:
ONE;... 18 U.S.C. Section 1962(d) - Racketeering Conspiracy.
OR, Two;... 18 U.S.C. Section 1959(a)(5) - Conspiracy to Commit murder in aid of Racketeering Activity - in light of Davis, supra.

2. Petitioner argues that in light of Current law, Rico Conspiracy Can no longer be Considered a "Crime of Violence" under Section 924(c).

3. Rico Conspiracy is not a Crime of Violence under Section 924(c).

4. Section 924(c)(3) states that a "crime of violence" means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another ("Force Clause"); OR (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ("residual clause"). However, in (U.S. v. Davis) 139 S.Ct. 2319, 2324 (2019), the U.S. Supreme Court found Subsection (B), the residual clause, unconstitutionally vague. Therefore, a predicate offense is a Crime of Violence under Section 924(c) only if it meets the definition under Subsection (A), the Force Clause.

5. While the U.S. Supreme Court and Ninth Circuit have not addressed the issue, other Circuits have concluded that Davis applies retroactively. See, (U.S. v. Reece) 938 F.3d 630, 635 (5th Cir. 2019); (U.S. v. Bowen) 936 F.3d 1091, 1097 (10th Cir. 2019); (in Re Hammond, 931 F.3d 1032, 1031 (11th Cir. 2019). The Court in (Gonzales v. U.S.) agreed, in light of the U.S. Supreme Court's decision in (Welch v. U.S.) which held that a similar residual clause in the definition of "Violent Felony" in the Armed Career Criminal Act (ACCA),

(6-of-11)

6. applied Retroactively. (Welch v. U.S.) 578 U.S. 120 (2016). Because the residual Clause is unconstitutionally Vague, with retroactive application, petitioners Rico Conspiracy offense Can Constitute a crime of Violence only under the Force Clause. (U.S. Dist. Lexis 216333 (C.D. Cal. July 1, 2022). in determining whether an offense is a crime of violence pursuant to the Force Clause, Courts must apply the "Categorical approach" set forth in (Taylor v. U.S.) 495 U.S. 575 (1990). under the Categorical approach, Courts look only to the statutory definitions of the offenses, and not the particular facts underlying those Convictions to determine whether the Conduct Criminalized by the statute qualifies as a crime of Violence. See Taylor, 495 U.S. at 600. A Violation of a Statute is not Categorically a crime of Violence if some Conduct punishable under the statute would Constitute a Crime of Violence, but some Conduct punishable under the statute would not. (U.S. v. Grajeda) 581 F.3d 1186, 1189 (9th Cir. 2009).

7. To prove a Substantive Rico offense, the government must prove: 1. The Conduct 2. of an enterprise 3. through a pattern of Racketeering activity. (Salinas v. U.S.) 522 U.S. 52, 62, (1992). A pattern of Racketeering activity "requires at least two acts of Racketeering activity which includes murder, Kidnapping, gambling, arson, robbery, bribery, extortion,

(7-of-11)

8. dealing in obscene matter, or dealing in a Controlled Substance or listed Chemical... among other offenses. See, 18 U.S.C. section 1961(1) and (5):

9. To prove Rico Conspiracy, However, the government must prove only that a Conspirator intended to further an endeavor which, if Completed, would satisfy all of the elements of a Substantive Criminal Offense. See, Salinas, 522 U.S. at 65. In Salinas, the Supreme Court made clear that "there is no requirement of some overt act or specific act" in a Rico-Conspiracy Case, and a defendant need not Commit the underlying predicate acts of the Substantive offense. id. at 63-65.

10. Applying the Categorical approach, the Court finds that because Rico Conspiracy requires only that petitioner agreed to Violate the Rico statute, regardless of whether s/he actually Committed an overt act in furtherance of the Conspiracy, Rico Conspiracy does not qualify as a Crime of Violence under the Force Clause of Section 924(c). See, (U.S. v. Davis) 785 Fed. App'x 358, 360-61 (9th Cir. 2019); (Gonzalez v. U.S.) 2022 U.S. Dist. Lexis 216333 (C.D. Cal. July 1, 2022).

11. Therefore, may the Court Respectfully Vacate the Section 924(c) in light of Davis, supra.

(Claim Two)

Whether Petitioner was punished twice under the Double jeopardy clause of the 5th Amendment of the U.S. Constitution?

(Discussion)

12. Petitioner Asserts Counts Six (18 U.S.C. Section 924(e)(1)(A)) and Count Seven (18 U.S.C. Section 924(5)) Violates the Double jeopardy Clause of the 5th Amendment of the U.S. Constitution. See, Exhibit A.

13. The Fifth Amendment provides that no person may "be subject for the same offense to be twice put in jeopardy of life or limb. U.S. Constitution. V.

14. This Double jeopardy Clause incorporate four separate guarantees:
1. it protects against a second prosecution for the same offense after acquittal.
2. against a second prosecution for the same offense after Conviction.
3. and against multiple punishment for the same offense. (Justices of Boston municipal Court v. Lydon) 466 U.S. 294, 306-07 (1984) citing (Illinois v. Vitale) 447 U.S. 410, 415, (1980).

(9-of-11)

15. 4. The Double jeopardy Clause also incorporates the Concept of Criminal Collateral estoppel, barring a subsequent prosecution dependent upon "an issue of ultimate fact that has once been determined by a valid and final judgment" in the defendant's favor in an earlier prosecution. (Ashe v. Swenson) 397 U.S. 436, 443, (1970).

16. See (U.S. v. Mota) 753 Fed. Appx. 420 (9th Cir. Feb. 13, 2019). The Mota Court, or the Court in Mota said, the following with respect to Section 924(c) and (J)'s: "Because Conviction under 18 U.S.C. Section 924(J)(1) requires proof the defendant also violated 18 U.S.C. Section 924(c), Mota's Conviction for both offenses is multiplicitous." (U.S. v. Davenport) 519 F.3d 940, 943 (9th Cir. 2008). Therefore, my the Court, vacate the lesser-included offense, Section 924(c) and Conduct A full Sentence.

(Claim Three)

Whether Petitioners Counts two and three Violate the Double jeopardy Clause?

(Discussion)

17. Petitioner asserts Counts two (18 U.S.C. Section 1959(a)(5)) and Count Three (18 U.S.C. Section 1959(a)(6)) indeed violates the Double jeopardy Clause of the Fifth Amendment of the U.S. Constitution. v. See, Petitioners Exhibit A.

(10-of-11)

(Arguments)

18. Petitioner further asserts "it does not appear that Congress intended for a defendant to be convicted and punished for multiple 924(c) offenses based on the same shooting at the same victim at the same moment." See (U.S. v. Woods) 14 F.4th 544 (6th Cir. Sep. 17, 2021).

19. While, I do note, that Woods supra have no binding effect or authority in the ninth Circuit, nevertheless,.... I submit woods supra as persuasive.

(Evidentiary Hearing)

20. Petitioner Respectfully request a Evidentiary Hearing to be granted pursuant to Rule 8.

(Conclusion)

21. For the foregoing Reasons,.... May the Court, Grant the petitioner, petition, in whole. And, Any additional relief the Court deems just and fair.

Respectfully Submitted
Print: Jairo Hernandez
Sign:
Date: July-12-2023

(11-of-11)

# UNITED STATES DISTRICT COURT
## Northern District of California

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Jairo Hernandez | ) | USDC Case Number: CR-14-00120-006 EMC |
| | ) | BOP Case Number: DCAN314CR00120-006 |
| | ) | USM Number: 19585-111 |
| | ) | Defendant's Attorney: Martin Antonio Sabelli (Appointed) |

**THE DEFENDANT:**

☒ pleaded guilty to count(s): <u>One through Three, Six and Seven of the Superseding Indictment.</u>

☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.

☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Racketeering Conspiracy | 11/06/2014 | 1 |
| 18 U.S.C. § 1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering Activity | 11/06/2014 | 2 |
| 18 U.S.C. § 1959(a)(6) | Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity | 11/06/2014 | 3 |
| 18 U.S.C. § 924(c)(1)(A) | Possessing, Carrying, and Using a Firearm in Furtherance of, or During and in Relation to, a Crime of Violence | 08/30/2011 | 6 |
| 18 U.S.C. § 924(j)(1) | Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death | 08/30/2011 | 7 |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/19/2017
Date of Imposition of Judgment

Signature of Judge
The Honorable
United States District Judge
Name & Title of Judge

Date: 12/19/2017

*Petitioner Exhibit (A)*

IT IS SO ORDERED
Judge Edward M. Chen