# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO JOAQUIN HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>B.M. TRATE,<br><br>Respondent. | Case No. 1:22-cv-01115-ADA-SAB-HC<br><br>ORDER VACATING NOVEMBER 18, 2022 FINDINGS AND RECOMMENDATION<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 10, 19) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 19 at 1.)[1] Petitioner pleaded guilty in the United States District Court for the Northern District of California to racketeering conspiracy (Count One), conspiracy to commit murder in aid of racketeering activity (Count Two), conspiracy to commit assault with a dangerous weapon in aid of racketeering activity (Count Three), use of a firearm in furtherance of a crime of violence (Count Six), and use of a firearm in furtherance of a crime of violence, resulting in death (Count Seven). (ECF No. 19 at 2.) On December 19, 2017, Petitioner was sentenced to an imprisonment term of 324 months. (ECF No. 7 at 2.)

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

1  Pursuant to the terms of his plea agreement, Petitioner did not file a direct appeal. On
2  December 17, 2018, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to
3  28 U.S.C. § 2255. On June 3, 2019, the district court denied the motion on the merits. (ECF No.
4  7 at 6.) On September 3, 2019, Petitioner sought authorization to file a second or successive
5  § 2255 motion in light of United States v. Davis, 139 S. Ct. 2319 (2019). On April 27, 2020, the
6  Ninth Circuit granted authorization to file a successive § 2255 motion. (ECF No. 7 at 7.)

7  The United States District Court for the Northern District of California denied
8  Petitioner's authorized successive § 2255 motion, finding that Petitioner had procedurally
9  defaulted on the claim that his sentences for Counts Six and Seven should be vacated based on
10 Davis. (ECF No. 7 at 10.) On October 26, 2020, the district court denied Petitioner's motion for
11 reconsideration, but issued a certificate of appealability. (Id. at 13–14.) On January 6, 2022, the
12 Ninth Circuit affirmed, finding that "[t]he district court permissibly concluded that Hernandez
13 procedurally defaulted the challenge to his sentence under 18 U.S.C. § 924(c) by failing to raise
14 that challenge on direct appeal," and noting that Petitioner "does not challenge the district court's
15 conclusion that he failed to demonstrate the necessary cause and prejudice or actual innocence to
16 excuse his procedural default." (Id. at 15, 16.)

17 On September 1, 2022, Petitioner filed a petition for writ of habeas corpus pursuant to 28
18 U.S.C. § 2241 in this Court, asserting that he is actually innocent of 18 U.S.C. § 924(c)(1)(A)(iii)
19 and (c)(3)(B) in light of Davis. (ECF No. 1.) On September 13, 2022, the Court granted
20 Petitioner leave to file an amended petition because Petitioner had not provided the Court with
21 sufficient facts to enable the Court to determine whether Davis is applicable and Respondent
22 should be ordered to show cause why the writ should not be granted. (ECF No. 3.) On October
23 11, 2022, Petitioner filed the first amended petition ("FAP"), asserting that he is actually
24 innocent of Counts Six and Seven based on Davis. (ECF No. 7.)

25 On November 18, 2022, the Court issued findings and recommendation recommending
26 summary dismissal of the FAP because the "record is clear that Petitioner had the opportunity to
27 raise his Davis claims in his authorized successive § 2255 motion. Therefore, the Court finds that
28 Petitioner has not established that he 'never had an "unobstructed procedural shot" at presenting

1  this claim.'" (ECF No. 10 at 4 (quoting Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).)
2  On December 23, 2022, Petitioner filed objections. (ECF No. 13.)

3  On February 3, 2023, Petitioner requested leave to further amend the petition in light of
4  the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021). (ECF No. 14.)
5  As the Court had yet to order Respondent to file a response to the petition, the Court found that
6  Petitioner could amend his pleading once as a matter of course pursuant to Federal Rule of Civil
7  Procedure 15(a)(1). (ECF No. 15.) On July 17, 2023, Petitioner filed a second amended petition
8  ("SAP"), raising the following claims for relief: (1) actual innocence based on Davis; and (2)
9  violation of the Double Jeopardy Clause. (ECF No. 19.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1   (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d
2   952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per
3   curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso,
4   328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed
5   inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy
6   under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy
7   is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

8   "An inquiry into whether a § 2241 petition is proper under these circumstances is critical
9   to the determination of district court jurisdiction" because § 2241 petitions must be heard in the
10  custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d
11  at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this
12  Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in
13  the United States District Court for the Northern District of California as the sentencing court.

14  The Supreme Court recently addressed "the interplay between" § 2241 and § 2255 in
15  Jones v. Hendrix, 599 U.S. 465 (2023). The Supreme Court stated that "[i]n § 2255(h), Congress
16  enumerated two—and only two—conditions in which a second or successive § 2255 motion may
17  proceed," and "[b]ecause § 2255 is the ordinary vehicle for a collateral attack on a federal
18  sentence, the straightforward negative inference from § 2255(h) is that a second or successive
19  collateral attack on a federal sentence is not authorized unless one of those two conditions is
20  satisfied." Id. at 477–78. The Supreme Court stated that "[t]he saving clause does not undermine
21  this strong negative inference," and "AEDPA's new restrictions on § 2255, therefore, are best
22  understood as just that—restrictions on § 2255—not as expansions of § 2241's applicability." Id.
23  at 478. Thus, "[a]fter AEDPA, as before it, the saving clause preserves recourse to § 2241 in
24  cases where *unusual circumstances* make it impossible or impracticable to seek relief in the
25  sentencing court[.]" Id. (emphasis added). Accordingly, "§ 2255(e)'s saving clause does not
26  permit a prisoner asserting an intervening change in statutory interpretation to circumvent
27  AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at
28  471. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean

that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Jones, 599 U.S. at 480 (2023).[3]

Here, the SAP raises an actual innocence claim based on Davis and double jeopardy claims. (ECF No. 19.) In Davis, the Supreme Court held that 18 U.S.C. "§ 924(c)(3)(B) is unconstitutionally vague," but specifically noted that "while the consequences in this case may be of constitutional dimension, the real question before us turns out to be one of *pure statutory interpretation*." 139 S. Ct. at 2336, 2327 (emphasis added). Accordingly, the Court finds that in light of Jones v. Hendrix, Petitioner cannot bring his statutory Davis claim in a § 2241 petition.

With respect to Petitioner's double jeopardy claims, the Court similarly finds that such claims cannot be brought under the savings clause. "After AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where *unusual circumstances* make it impossible or impracticable to seek relief in the sentencing court[.]" Jones, 599 U.S. at 478 (emphasis added). Here, Petitioner previously filed a § 2255 motion, and Petitioner does not allege any unusual circumstance that made it impossible or impracticable to seek relief in the sentencing court specifically with respect to his double jeopardy claims.

Moreover, Petitioner has not demonstrated that he did not have an unobstructed procedural shot at presenting his double jeopardy claims. See Harrison, 519 F.3d at 959 ("We have held that a motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" (citation omitted)); id. at 960 ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision. In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." (citations omitted)).[4]

---

[3] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

[4] It is unclear to what extent this test has been abrogated by Jones v. Hendrix.

1       Petitioner cites to United States v. Mota, 753 F. App'x 470 (9th Cir. 2019), to support his
2 claim that being convicted of and sentenced for both use of a firearm in furtherance of a crime of
3 violence (Count Six) and use of a firearm in furtherance of a crime of violence, resulting in death
4 (Count Seven) violates the Double Jeopardy Clause. (ECF No. 19 at 10.) Mota held that
5 "[b]ecause conviction under 18 U.S.C. § 924(j)(1) requires proof the defendant also violated 18
6 U.S.C. § 924(c), Mota's conviction for both offenses is multiplicitous." 753 F. App'x at 471.
7 While Mota may have given "additional encouragement for defendants to argue" that convictions
8 under both 18 U.S.C. §§ 924(c) and 924(j)(1) are multiplicitous and violate the Double Jeopardy
9 Clause, "we cannot say such further support constitutes a *change* in the law creating a previously
10 unavailable legal basis for petitioner's claim," Harrison, 519 F.3d at 961, given that Mota cited
11 to the general discussion of double jeopardy in United States v. Davenport, 519 F.3d 940, 943
12 (9th Cir. 2008), in supports of its holding. See Mota, 753 F. App'x at 471.

13       Petitioner cites to United States v. Woods, 14 F.4th 544 (6th Cir. 2021), to support his
14 claim that being convicted of and sentenced for both conspiracy to commit murder in aid of
15 racketeering activity (Count Two) and conspiracy to commit assault with a dangerous weapon in
16 aid of racketeering activity (Count Three) violates the Double Jeopardy Clause. (ECF No. 19 at
17 11.) However, in 2009 (eight years before Petitioner was sentenced), the Ninth Circuit in an
18 unpublished decision held that "the jury convicting [defendant] on four charges of 18 U.S.C.
19 § 1959(a)(5) (VICAR-attempted murder) and on four charges of 18 U.S.C. § 1959(a)(3)
20 (VICAR-assault with a dangerous weapon) was multiplicitous and violated the Double Jeopardy
21 clause." United States v. Bryant, 357 F. App'x 945, 948 (9th Cir. 2009).

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the second amended petition for writ of habeas corpus be DISMISSED.

Further, the Court HEREBY ORDERS that the findings and recommendation issued on November 18, 2022 (ECF No. 10) be VACATED.

///

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 30, 2023**

UNITED STATES MAGISTRATE JUDGE