UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO JOAQUIN HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE,<br><br>    Respondent. | No. 1:22-cv-01115-KJM-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 19, 20) |

    Petitioner Jairo Joaquin Hernandez is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus brought under 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 30, 2023, the Magistrate Judge issued findings and recommendations to dismiss the second amended petition for writ of habeas corpus for lack of jurisdiction. *See generally* F&Rs, ECF No. 20. Although the Court granted petitioner a sixty-day extension of time, ECF No. 23, no objections have been filed, and the time for doing so has passed. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case.

    The court adopts the Magistrate Judge's recommendation to dismiss petitioner's first claim, i.e., that 18 U.S.C. § 924(c)(1)(A)(iii) and (c)(3)(B) are unconstitutionally vague, but for different reasons than those in the findings and recommendations. The Magistrate Judge recommends dismissing petitioner's vagueness claim under *Jones v. Hendrix*, 599 U.S. 465

1

1  (2023).  *See* F&Rs at 4–5.  In that case, the Supreme Court held "[a] federal prisoner may not . . .
2  file a second or successive § 2255 motion based solely on a more favorable interpretation of
3  statutory law adopted after his conviction became final and his initial § 2255 motion was
4  resolved."  599 U.S. at 469.  The "more favorable interpretation" at issue in *Jones* was the
5  Supreme Court's 2019 decision in *Rehaif v. United States*, that a defendant cannot be convicted of
6  possessing a firearm in violation of § 922(g) without proof of his "knowledge of the status that
7  disqualifies him from owning a firearm."  *Id.* at 470 (citing 139 S. Ct. 2191 (2019)).

8  In this case, petitioner relies on the Supreme Court's opinion in *United States v. Davis*,
9  139 S. Ct. 2319 (2019).  In *Davis*, the Supreme Court concluded that § 924(c)(3)(B) is
10 unconstitutionally vague.  *See id.* at 2336.  The Magistrate Judge likened this case to *Jones* based
11 on the conclusion that *Davis* plays the same role in this case as *Rehaif* played in *Jones*, i.e., that
12 the Supreme Court adopted a more favorable interpretation of § 924(c)(3)(B) in *Davis*.  *See* F&Rs
13 at 5.  But in *Davis*, the Supreme Court did not adopt a more favorable interpretation of
14 § 924(c)(3)(B).  The Court held § 924(c)(3)(B) is "no law at all"—"a nullity"—because it is
15 unconstitutionally vague.  138 S. Ct. at 2323-24, 2336.  Although the Court described its opinion
16 in *Davis* as an exercise in "pure statutory interpretation," that was only because the government
17 had conceded § 924(c)(3)(B) was unconstitutional unless the Court adopted a different
18 interpretation of that law.  *See id.* at 2324.  The Court rejected the government's proposal.  It
19 refused to reinterpret § 924(c)(3)(B).  *Jones* does not control the outcome of this case.

20 But this is not the first time petitioner has relied on *Davis* to argue his conviction was
21 unconstitutional.  Petitioner first cited *Davis* in a successive motion under 28 U.S.C. § 2255,
22 which he filed in the United States District Court for the Northern District of California, where he
23 was convicted and sentenced, after receiving permission from the Ninth Circuit.  The Northern
24 District court denied relief, and the Ninth Circuit affirmed.  *See generally* Order Denying Def.'s
25 Mot. Vacate, *United States v. Hernandez*, No. 14-120 (N.D. Cal. July 29, 2020), ECF No. 1217,
26 *recons. denied*, ECF No. 1274, *and aff'd*, No. 20-17328 (9th Cir. Jan. 6, 2022).

27 "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by
28 which a federal prisoner may test the legality of his detention and that restrictions on the

2

availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citing *Ivy v. Pontesso*, 328 F.3d 1057 (9th Cir. 2003)).[1]  Section 2255(e) does permit a petitioner to seek relief if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  That exception, however, is narrow, and it is available only when a person has not previously had an opportunity to present the claim in question, among other requirements. *See Stephens*, 464 F.3d at 898; *accord, e.g.*, *Leveke v. Brown*, No. 23-15746, 2023 WL 5608408, at *1 (9th Cir. Aug. 30, 2023) (unpublished) (reasoning similarly after *Jones*, 599 U.S. 465). Petitioner cannot show he was previously unable to present a claim based on *Davis*.  Rather, the Ninth Circuit previously granted him an opportunity to file a successive § 2255 motion based on *Davis*, and he pursued that claim unsuccessfully in the Northern District court.  Nor does an adverse circuit court decision render § 2255 "inadequate or ineffective."  *See Jones*, 599 U.S. at 481 n.4.

The court also adopts the Magistrate Judge's recommendation to dismiss petitioner's double-jeopardy claim.  As the Magistrate Judge correctly explained, petitioner's double-jeopardy claims cannot be brought under § 2241 based on the "escape hatch" in § 2255(e).  F&Rs at 5. Nor has petitioner "demonstrated that he did not have an unobstructed procedural shot at presenting his double-jeopardy claims." *Id.* (citation omitted).

Finally, the court declines to issue a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (setting out the applicable standard); *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a

/////

---

[1] As noted above, the Supreme Court rejected the "workaround" that several courts of appeals had previously relied on to consider petitions under § 2241 by people who had been barred from seeking relief by the terms of § 2255. *See Jones*, 599 U.S. at 477.  In that sense, the Ninth Circuit's holding in *Ivy* is no longer controlling.  But the Supreme Court's decision in *Jones* did not change § 2255(e) itself, i.e., that a § 2241 petition may be viable when it "appears that the remedy by motion is inadequate or ineffective to test the legality of [the challenged] detention," 28 U.S.C. § 2255(e), and the petition is not "an end-run around AEDPA" and the limits in § 2255(h). *Id.*

'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability].").

The court thus orders as follows:

1. The findings and recommendations issued on October 30, 2023 (ECF No. 23) are adopted in part for the reasons above;
2. The second amended petition for writ of habeas corpus (ECF No. 19) is dismissed;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED

DATED:  August 23, 2024.

CHIEF UNITED STATES DISTRICT JUDGE